UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD ALLEN LARSEN, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00127-NT |
| | ) | |
| CARRIE LINTHICUM, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Plaintiff, an inmate at the Washington County Jail, alleges that he is incarcerated based on matters that were not properly investigated and that should not have been prosecuted. (Complaint, ECF No. 1; Additional Attachments, ECF Nos. 5, 12-14.) Plaintiff has named as defendants the Aroostook County Deputy District Attorney, several private individuals, the State Police, two police officers, and the Penobscot County treasurer.

Plaintiff filed an application to proceed in forma pauperis (Motion, ECF No. 2), which application the Court granted. (Order, ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### A.  Maine State Police

Plaintiff has joined the Maine State Police as a defendant. Plaintiff has not alleged any facts regarding the specific conduct of the Maine State Police. Plaintiff, therefore, has not asserted an actionable claim against the Maine State Police. Even if Plaintiff had asserted facts that could support a potential claim, Plaintiff could not proceed on the claim. Subject to limited exceptions not applicable in this case, the State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). To the extent Plaintiff asserts his claim against the Maine State Police, he is requesting relief against the State of Maine that is barred in federal court pursuant to the Eleventh Amendment. Additionally, while a federal district court would have jurisdiction

under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Accordingly, Plaintiff cannot proceed on his claim against the Maine State Police.

### B. Aroostook County Deputy District Attorney

Plaintiff alleges that although he reported certain incidents of criminal conduct to Defendant Linthicum, the Aroostook County Deputy District Attorney, Defendant Linthicum did not pursue criminal charges. (Complaint at 3.) Plaintiff thus evidently asserts a claim based on Defendant Linthicum's decision not to prosecute criminal charges against the alleged perpetrators of certain crimes.

As the United States Supreme Court has explained, prosecutors have wide discretion when deciding whether to initiate a prosecution:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n. 11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985). *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts.");

4

*United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."). The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456).[1] Plaintiff has failed to assert any facts that would suggest Defendant Linthicum's decision was not within her broad discretion.

Furthermore, a prosecutor is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy,* 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect—independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so.").

### C. Individual Police Officers and the Penobscot County Treasurer

Plaintiff alleges that although he has been investigated for and charged with crimes, individuals about whom he has complained have not been investigated by has been

---

[1] The Supreme Court has noted that "[i]n particular, the decision to prosecute" is subject to equal protection constraints. *Wayte v. United States*, 470 U.S. 598, 608 (1985) (reviewing district court's dismissal of an indictment on equal protection grounds). Plaintiff, however, has asserted no facts that would support an equal protection claim.

5

investigated for and charged with crimes. Plaintiff apparently contends that Defendant Beck, a Presque Isle police officer, and Defendant Carney, an Ashland police officer, did not properly investigate the complaints. Plaintiff's claim is assessed under the Equal Protection Clause of the Fourteenth Amendment, which prohibits discrimination by state officers. *Bruns v. Mayhew*, 750 F.3d 61, 65 (1st Cir. 2014); *Ayala–Sepulveda v. Mun. of San German*, 671 F.3d 24, 32 (1st Cir. 2012).

Plaintiff's equal protection claim fails because he has not alleged any facts from which one could reasonably infer discriminatory intent on behalf of any of the defendants. Plaintiff's assertion that he had prior addiction issues that might have been known to the officers (Attachment, ECF No. 5), without more, does not support a plausible inference of discriminatory intent. *Toledo v. Sanchez*, 454 F.3d 24, 34 (1st Cir. 2006). ("Although there is no heightened pleading standard for civil rights claims, mere conclusory allegations of discrimination unsupported by any facts are insufficient for notice pleading purposes.").

To the extent Plaintiff attempts to assert a § 1983 claim against Defendant Hiatt, the Penobscot County treasurer, Plaintiff must allege facts that would support a finding that Defendant Hiatt, through his actions, violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 – 77 (2009). Plaintiff has asserted no facts regarding the conduct of Defendant Hiatt. Plaintiff, therefore, has not asserted an actionable claim against Defendant Hiatt.

### D. Private Individual Defendants

Plaintiff alleges that several other individuals, Regina Larsen, Stephanie Larsen, April Fountain, and Kimberly Robbins,[2] should be charged with certain crimes, including harassment, theft, and abuse. (Complaint at 3.) To the extent Plaintiff seeks to institute criminal proceedings, Plaintiff does not have standing to pursue criminal charges against Defendants. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

In addition, to the extent Plaintiff attempts to assert a federal or state claim against the individuals, Plaintiff has asserted no facts that would support a claim against any of the individuals. Even if Plaintiff alleged facts that could plausibly support a claim against the individuals, Plaintiff has not asserted a claim within the Court's jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[2] Although Plaintiff did not list Kimberly Robbins as a defendant, Plaintiff makes allegations against Defendant Robbins and includes Defendant Robbins in his request for relief. (Complaint at 3.)

7

The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. None of the individuals is alleged to be a state actor. Plaintiff thus has not asserted a federal claim against the individuals.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction is established, a plaintiff may assert state law claims in federal district court. To the extent Plaintiff has asserted a state law claim, for Plaintiff's state law claim to come within this Court's diversity jurisdiction, Plaintiff and all the defendants must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) ("[d]iversity must be complete"). Plaintiff lists Maine addresses of each of the individual defendants. (Complaint at 2-3.) Plaintiff is an inmate in the Washington County Jail in Machias, Maine. (Complaint at 1.) Plaintiff has not alleged a diversity of citizenship and thus has not asserted a claim within the Court's diversity jurisdiction.

Finally, although federal district courts can in certain cases exercise jurisdiction over state law claims between non-diverse parties based on the Court's supplemental

jurisdiction under 28 U.S.C. § 1367,[3] because Plaintiff has not asserted an actionable claim within the Court's original jurisdiction against any of the defendants, the Court's supplemental jurisdiction is inapplicable.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2020.

---

[3] Title 28 U.S.C. § 1367, which governs the Court's exercise of its supplemental jurisdiction, provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).